TuhNEy, J.,
delivered the opinion of the Court.
The allegation in a bill “that said defendants, in conveying their property, will endeavor to defeat the collection of complainant’s debt; that they have avoided, and, as he believes, they intend by future and fraudulent conveyances and transfers to evade and avoid payment of his said debt,” does not, under sec. 3455 of the Code, authorize the issuance and levy of an attachment on the property of defendants. The allegation that a party “intends by future and fraudulent conveyances as complainant believes, etc.,” tenders no issue. It is an impossibility to determine an issue upon the naked belief of a complainant alleged as an independent fact without more, and the trial of the question of what will be the future intention of a defendant would be equally empty in its attempt and result. There is nothing in either the spirit or letter of the statute referred to that will authorize the proceeding. The allegation must be of a fact susceptible of issue and proof; there must be an act already performed, or one to be performed, of which the preliminary steps or circumstances have already developed themselves, pointing naturally to the con- *510 elusion assumed and charged in tbe bill, the evidence of which consists of the conduct or declarations of the party charged, and not of the suspicions or fears of the party charging, unsupported by cause therefor. The reading of the statute shows this construction to have been the intention of the legislature. Were it otherwise, it is constantly in the power of the malicious and unscrupulous upon the slightest provocation, or for the sake of “black-mail,” to annoy with impunity the honest or pretended debtor. The demurrer was well taken to this part of the bill.
The allegation “ that the defendants were partners, and that one of them is a non-resident of the State of Tennessee,” is sufficient to warrant a demand of writs of attachment against the property of such non-resident, whether such property consists of individual or partnership interests. The statute provides that a creditor may sue out an attachment when the debtor or defendant resides out of the State. The members of a partnership indebted are each debtors to the1 extent of that indebtedness, as much so as an individual to the extent of his individual indebtedness, and the creditors of a firm have the legal right to have before the court all the members of the firm, and to employ such helpful provisions of law as will bring them in, and subject their property to the payment of debts. The non-residence of one of the partners, and the asking for an attachment as to his estate present, gave the court jurisdiction, and having it for one *511 purpose, it will entertain tbe bill for all purposes of one transaction, or one series of transactions, and of all persons identified therewith., upon the principle “equity prevents multiplicity of suits.” The decree of the chancellor will be modified to the principles of this opinion. So much of the opinion in the case of Wallace and Ringel v. Galloway et als., 5 Col., 510, as is in conflict with this is overruled.
The attachment as to the resident defendant is discharged. The demurrer of the non-resident is disallowed, and the cause remanded to be proceeded in.